UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS ODELL            JURY TRIAL DEMANDED

v.                                    CASE NO.  3:13CV

ROBERT C. LUBUS , JR.

**COMPLAINT**

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

3. The FDCPA was enacted because "Existing laws and procedures for redressing [consumer] injuries are inadequate to protect consumers." § 1692(b).

4. The FDCPA preempts state laws that are less protective of consumers. §1692n.

5. Attorneys were included within the FDCPA when Congress found that "[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA]. There is no indication that this is about to change. Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act." H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

6. Plaintiff is an individual who resides in Connecticut.

7. Defendant regularly engages in the practice of consumer debt collection.

8. Defendant sued plaintiff on behalf of plaintiff's personal creditor, and obtained judgment thereon in state court (the State Court judgment).

9. Plaintiff was represented by counsel in the state court lawsuit.

10. During 2009, the creditor in the State Court judgment ceased using defendant as outside collection counsel.

11. Defendant was aware that plaintiff was also represented by separate counsel since he acted upon to a communication dated June 30, 2012, with regard to an execution on the State Court judgment, and provided a payoff figure by letter dated August 8, 2012.

12. As of June 30, 2012, defendant was aware that plaintiff was out of work and receiving Worker's Compensation.

13. Defendant intentionally communicated with plaintiff directly in December, 2013, purportedly in connection with the State Court judgment, although he identified the location of the court as Meriden instead of New Haven.

14. Defendant intentionally sent the communication to an address where plaintiff no longer resided, in the hope that plaintiff would not respond so he could obtain further orders against plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against the defendant for statutory damages, pursuant to 15 U.S.C. § 1692.

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(c) That the Court grant such other and further relief as may be just and proper.

THE PLAINTIFF

BY    **/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net